ERVIN, Acting Chief Justice
(dissenting):
I am unable to agree to this handling. It’s all too patent a discrimination. If Petitioner had been given a prison sentence only and not a fine also originally there would he no discrimination. But to redo the judgment of conviction and impose imprisonment after the fact when it is established Petitioner is an indigent who couldn’t pay the alternative fine is too neat a precedent which simply by indirection authorizes trial judges to impose alternative imprisonments after it develops indigents can’t pay their fines. The Petitioner is receiving in this case the equivalent pro tanto in terms of imprisonment what he would have received had the formality of redoing the judgment of conviction not been undertaken. I don’t believe the Tate case intended this result retroactively. I would grant the writ and discharge Petitioner.